IN THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **Garrett Hoffman** <br> 200 South St. Paul Street <br> Hamilton, Virginia 20154 <br><br> **Plaintiff** <br><br> v. <br><br> **Bear Chase Brewing Company, LLC** <br> 18288 Blueridge Mountain Road <br> Bluemont, Virginia 20135 <br><br> **Mr. Chris Spring** <br> 18288 Blueridge Mountain Road <br> Bluemont, Virginia 20135 <br><br> **Defendants** | * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br> / | Case No. _____ <br> **JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Garrett Hoffman, by and through undersigned counsel, states a complaint against Defendants Bear Chase Brewing Company, LLC and Chris Spring ("Spring") (collectively, the "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and demands a jury trial, as follows:

### Introduction

1. This is an action for unpaid minimum wages, unlawful retention of tips, liquidated damages, and other relief provided by the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiff seeks, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, and attorneys' fees and costs as provided under the under the FLSA.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206 and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

5. Defendant Bear Chase Brewing Company, LLC is a limited liability corporation formed in the Commonwealth of Virginia to engage in the operation of a brewery restaurant and related activities.

6. Defendant Spring, partially owns and operates Defendant Bear Chase Brewing Company, LLC, which owns and operates Bear Chase Brewing Company, a brewery restaurant and bar located at 33665 Bear Chase Lane, Bluemont, Virginia 20135.

7. At all times material herein, Defendant Bear Chase Brewing Company, LLC had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. At all times material herein, Defendant Bear Chase Brewing Company, LLC has employed at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.

9. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

10. There are employees who brew alcoholic beverages and cook the food, and, like Plaintiff, serve and otherwise handle these beverages and food, containing ingredients that have crossed interstate boundaries.

11. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that have moved in interstate commerce and who regularly process credit card transactions for customer payments.

12. There are employees who use, in the course of Defendants' operations, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

13. Accordingly, subject matter jurisdiction exists because the Plaintiff was employed by Defendant Bear Chase Brewing Company, LLC, a covered entity, satisfying the enterprise coverage provisions under the FLSA.

14. As a covered enterprise, Defendant Bear Chase Brewing Company, LLC has at all material times been an "employer" within the meaning of the FLSA.

15. Defendant Spring is the co-owner of Defendant Bear Chase Brewing Company.

16. Defendant Spring has operational control of Defendant Bear Chase Brewing Company, LLC.  Upon information and belief, Defendant Spring maintains custody and control of Defendant Bear Chase Brewing Company, LLC's business records and is responsible for maintaining those records, such as payroll records.

17. Additionally, upon information and belief, for all times material to this case, Defendant Spring was, and continues to be, aware of operational issues throughout the restaurant, and is knowledgeable of Defendant Bear Chase Brewing Company, LLC's past and present employment practices and policies.

18. Upon information and belief, for all times material to this case, Defendant Spring possessed and continues to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Defendant Bear Chase Brewing Company, LLC, including Plaintiff, and possessed the ability to hire employees and have employees terminated.

19. Upon information and belief, Defendant Spring received and continues to receive income from Defendant Bear Chase Brewing Company, LLC and has been enriched by the failure of the Defendants to properly pay their workers.

20. At all times material herein, Defendant Spring has been an "employer" within the meaning of the FLSA. Defendant Spring is jointly and individually liable for damages to the Plaintiff, under the FLSA.

21. As set forth below, Plaintiff seeks unpaid minimum wages and unlawfully retained tips, in amounts to be fully determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, and attorneys' fees and costs as provided under the FLSA.

22. Plaintiff, who received hourly pay, was not exempt under the FLSA's requirements.

23. By failing to pay the statutory minimum wages that were due to Plaintiff, and unlawfully retaining tips, Defendants willfully violated very clear and well-established provisions of the FLSA.

## Factual Allegations

24. Plaintiff was hired by Defendants and began work in August 2018.

25. Plaintiff was hired initially worked as a barback, but generally worked as a bartender throughout the course of his employment.

26. Plaintiff's duties included taking orders and serving customers food and drinks.

27. Plaintiff was paid $3.00/hour.

28. Plaintiff worked on average twenty-four (24) to thirty-five (35) hours per week.

29. Plaintiff was part of a tip pool, which included cash and credit card tips voluntarily left by customers.

30. The tip pool was collected by Defendants.

31. Plaintiff was paid a portion of the cash tips once a week.

32. Plaintiff was paid a portion of the credit card tips, in his paycheck and subject to normal withholdings, which was issued biweekly.

33. The tip pool included barbacks.

34. The remaining amount of the tip pool was divided by bartenders and assistant mangers.

35. Assistant managers received an hourly wage above the FLSA's minimum wage, such as $10.00/hour.

36. Assistant managers did not, however, generally serve customers but rather handled administrative tasks, like scheduling and also directed workers.

37. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), in order to take a so-called "tip credit" and apply it toward the employee's minimum wage, an employer must inform the employee that it will take a tip credit and otherwise strictly comply with the regulatory requirements of 29 C.F.R. § 531.59(b), which includes not retaining an employee's tips except in a valid tip pooling arrangement.

38. Defendants violated the FLSA insofar as they:

    (a) Failed to inform the Plaintiff of the tip credit provisions of 29 U.S.C. §

203(m), thereby requiring Defendants to have paid at least $7.25/hour for each of the hours worked by the Plaintiff, as opposed to $3.00/hour, for regular (non-overtime) hours of work; and/or alternatively,

    (b)    Maintained an invalid tip pooling arrangement practice of requiring Plaintiff to share his tips with supervisory personnel who are not customarily tipped employees, resulting in not just the loss of the ability of the Defendants to take a tip credit, but also resulting in improper deductions from tips owed to the Plaintiff.

39. Defendants were required by the FLSA (29 U.S.C. § 203(m)), to inform tipped employees, like Plaintiff, that among other things, tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.00 an hour to the Plaintiffs (and others similarly situated), an hourly wage which is lower than the requirements of 29 U.S.C. § 206. See 29 C.F.R. § 531.59(b).

40. On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended section 203(m) of the FLSA to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

41. The CAA also amended another FLSA provision—section 216(b)—to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

42. By failing to properly pay the minimum wages due to Plaintiff, Defendants willfully violated very clear and well-established minimum wage "tip credit" provisions of the FLSA.

43. In addition, by maintaining a mandatory tip pool consisting of tips voluntarily left by customers and received by bartenders, such as the Plaintiff, and including assistant managers, who are "managers" and "supervisors" within the terms of the CAA, a payout of tips from the tip pool, the Defendants willfully violated clear and well-established anti-tip retention provisions of the FLSA.

44. Had the assistant managers not been provided a tip out from the mandatory tip pool, Plaintiff would have retained and larger amount of tips that were voluntarily left for him and other bartenders by customers.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)

45. Plaintiff incorporates paragraphs 1-44 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 because Defendants have at all material times failed to pay Plaintiff the proper minimum wage rate, in a timely manner, by failing to properly inform Plaintiff about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants, and otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

46. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA – Anti-Tip Retention)

47. Plaintiff incorporates paragraphs 1-46 as set forth above, and states that the FLSA expressly prohibits employers, managers and supervisors from keeping any portion of tips received by employees for any purpose, regardless of whether the employer takes a tip credit. See 29 U.S.C. §203(m)(2)(B).

48. Defendants' actions complained of herein constitute a violation of 29 U.S.C. §203(m)(2)(B), insofar as Defendants have, at all material times, required Plaintiff to participate in a tip pool with personnel prohibited from receiving tips pursuant to 29 U.S.C. §203(m)(2)(B).

49. Defendants knew of or showed reckless disregard for the provisions of the FLSA that prohibit employer retention of tips, 29 U.S.C. §203(m)(2)(B).

50. By maintaining an invalid tip pool that included employee tips being shared with assistant managers, who were Plaintiff's supervisor, Defendants willfully and intentionally retained Plaintiff's tips in violation of 29 U.S.C. §203(m)(2)(B).

51. As a result, Plaintiff has been damaged and is entitled to be compensated for his losses, which are the loss of tips that he otherwise would have been entitled to receive but for Defendant's violation of the FLSA's anti-tip retention provisions, 29 U.S.C. §203(m)(2)(B) and 29 U.S.C. § 216(b).

## Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court render judgment as follows:

(a) Order Defendants to pay Plaintiff all unpaid minimum wage payments determined by the Court to be due and owing, under the FLSA, as well as well as a sum of liquidated

damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff pursuant to the FLSA;

(b) Allow for discovery in order to obtain a full accounting of the tip pool to determine the amount of monies unlawfully retained by assistant managers, and by extension, to determine what amount of those monies belong to the Plaintiff;

(c) Award Plaintiff his liquidated damages and attorneys' fees and costs, as allowed under the FLSA, in pursuing this action;

(d) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ Howard B. Hoffman
Virginia Bar No. 88694
Howard B. Hoffman, Esquire
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
(301) 251-3752 (tele)
(301) 251-3753 (fax)
hhoffman@hoholaw.com

*Counsel for Plaintiff*

**Jury Demand**

The Plaintiff, by his attorneys, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman