**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **GARRETT HOFFMAN,** )<br>   **Plaintiff,** )<br> )<br>   v. )<br> )<br>**BEAR CHASE BREWING COMPANY, LLC,** )<br>   **Defendant.** ) | Civil Action No. 1:21-cv-1443 |

**MEMORANDUM OPINION**

At issue in this action arising under the Fair Labor Standards Act ("FLSA") are the parties' objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended that Defendant Bear Chase Brewing Company's Motion for Summary Judgment be granted in part and denied in part. The matter has been fully briefed, and oral argument is dispensed with as it would not aid the decisional process and it was not requested by the parties. This matter is thus ripe for disposition.

**I.**

A brief summary of the factual and procedural background of this matter is necessary to consider the objections presently at issue.[1] At all relevant times, defendant was a brewing company serving food and drinks to its patrons. Defendant, however, did not operate as a traditional restaurant and bar; rather, the business spanned a large outdoor area with multiple locations for customers to eat and drink. Another unconventional aspect of defendant's business was that customers placed their orders at various point-of-sale terminals spread throughout the establishment, rather than through an assigned server at a table. Thus, no single waiter was

---

[1] A detailed description of the factual and procedural background of this case is available in the Report and Recommendation. *See Hoffman v. Bear Chase Brewing Co., LLC*, 2023 WL 384293 at *1-*3 (E.D. Va. Jan 18, 2023) (Report and Recommendation).

1

responsible for each customer.

From August 2018 to July 2021, Plaintiff Garrett Hoffman was employed by defendant. For the duration of his time working for defendant, plaintiff was paid an hourly wage less than the federal minimum wage. But plaintiff also received tips from customers, which plaintiff used to supplement his below-minimum-wage salary. This practice, known as a tip credit, is authorized by FLSA when certain conditions are met, one of which is that the employer provides notice to the employee of the use of a tip credit. Relatedly, because of the unconventional nature of defendant's operations, where no single waiter was responsible for each customer, defendant used a tip pool to distribute tips to employees. This means that tips left by customers were divided amongst the staff, including, in this case, the bar managers. Such a tip pool arrangement is also authorized by FLSA when certain conditions are met, but FLSA forbids "managers or supervisors" from participating in a tip pool. *See* 29 U.S.C. § 203(m)(2)(B).

On December 28, 2021, plaintiff filed a Complaint in federal court. In that Complaint, plaintiff alleged that defendant willfully violated FLSA (i) by failing to give plaintiff sufficient notice of the tip credit as required by 29 U.S.C. §§ 206, 203(m)(2)(A) (Count I); and (ii) by unlawfully including "managers or supervisors" in the tip poor, in violation of 29 U.S.C. § 203(m)(2)(B). Defendant filed an answer, and this matter proceeded to discovery.

Defendant then filed a Motion for Summary Judgment on August 12, 2022. In that Motion, defendant argued that the record is sufficient to conclude as a matter of law (i) that plaintiff's first count is meritless because plaintiff received sufficient notice of the tip credit as required by FLSA; (ii) that plaintiff's second count is without merit because the tip pool did not include "managers or supervisors" as defined by Department of Labor ("DOL") regulations; and (iii) that, at a minimum, summary judgment should enter for all claims arising on or before December 28, 2019 due to the

2

statute of limitations, which defendant contends is two years. Plaintiff filed an opposition in which plaintiff disagreed with all three of defendant's arguments. And plaintiff also, for the first time, raised a new claim, namely that defendant unlawfully included kitchen staff in the tip pool. In its reply brief, defendant argued that plaintiff's new claim should be stricken as untimely because it was first alleged after the close of discovery and after defendant filed its Motion for Summary Judgment. On September 6, 2022, an Order issued referring this matter to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636.

Following a hearing, the Magistrate Judge issued the Report on January 18, 2023. That Report recommends concluding (i) that summary judgment on plaintiff's first count is inappropriate because there are genuine issues of material fact regarding whether plaintiff received sufficient notice of defendant's use of a tip credit; (ii) that summary judgment on plaintiff's second count is inappropriate because there are genuine issues of material fact regarding whether "managers or supervisors" were improperly included in the tip pool; (iii) that summary judgment is appropriate for all claims for non-continuing violations that arose more than two years before the filing of the instant lawsuit; and (iv) that plaintiff's eleventh-hour allegation that kitchen staff were improperly included in the tip pool be stricken as untimely.

On February 1, 2023, both plaintiff and defendant timely filed objections to the Report. Neither party objected to the Report's recommendations (i) that summary judgment on plaintiff's first count is inappropriate; (ii) that summary judgment is appropriate for all claims for non-continuing violations that arose more than two years before the filing of the instant lawsuit; and (iii) that plaintiff's eleventh-hour allegation that kitchen staff were improperly included in the tip pool be stricken as untimely. Rather, both parties focused their objections on plaintiff's second count. Interestingly, even though plaintiff prevailed before the Magistrate Judge with regard to

3

the second count, plaintiff objects to the Report's legal reasoning on that count. To be sure, plaintiff does not dispute the Report's *conclusion* that summary judgment on plaintiff's second count is inappropriate; rather plaintiff argues that the Magistrate Judge erred by deferring to DOL regulations to ascertain who qualifies as a manager or a supervisor for purposes of the FLSA. Plaintiff contends that the terms "manager" and "supervisor" are unambiguous, and thus that deference to agency interpretations of those terms is inappropriate.

Defendant's objections also focus on plaintiff's second count. Defendant argues that, although the Magistrate Judge correctly deferred to the DOL's interpretation of "manager" and "supervisor," the Magistrate Judge erred in concluding that a genuine dispute of material fact exists as to whether managers or supervisors were improperly included in the tip pool. Specifically, defendant argues that the undisputed record makes clear that no employees who meet the DOL's definition of "managers or supervisors" were included in the tip pool. Thus, both parties object only to the Report's conclusions with respect to the second count in plaintiff's complaint; neither party objects to the Report's recommendations with respect to plaintiff's first count, the statute of limitations analysis, or the untimeliness of plaintiff's kitchen-staff argument. Plaintiff and defendant both timely filed oppositions to each other's objections on February 15, 2023. Thus, this matter is ripe for disposition.

## II.

At issue now are the parties' objections to the Magistrate Judge's Report and Recommendation. Pursuant to Rule 72(b)(3), Fed. R. Civ. P., a party may file specific, written objections to a Magistrate Judge's proposed findings and recommendations. The Court must then review *de novo* any part of the Magistrate Judge's Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(3).

Here, plaintiff and defendant have each lodged a single objection. Plaintiff argues that the Report erred in concluding that the terms "manager" and "supervisor" are ambiguous and in deferring to the DOL for interpretation of those terms. Defendant argues that the Report erred in concluding that a genuine dispute of material fact exists as to whether managers or supervisors were improperly included in the tip pool. Each objection is considered in turn.

A.

To begin with, plaintiff objects to the Report's deference, pursuant to *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), to the DOL's interpretation of "managers or supervisors." The relevant statutory provision enacted by Congress provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing *managers or supervisors* to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B) (emphasis added). The relevant DOL regulations, in turn, provide that "the term 'manager' or 'supervisor' shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101 of this chapter." 29 C.F.R. § 531.52(b)(2). Thus, DOL regulations define "managers or supervisors" as any employee (i) "[w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;" (ii) "[w]ho customarily and regularly directs the work of two or more other employees;" and (iii) "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(2)-(4).[2]

---

[2] Another means by which employee may qualify as a "manager or supervisor" is if they meet the requirements of 29 C.F.R. § 541.101. But the record here reflects that none of the employees here do, because none of the alleged managers or supervisors own a "20-percent equity interest in the enterprise." 29 C.F.R. § 541.101.

5

Plaintiff argues that the regulations should not be applied in determining whether defendant included "managers or supervisors" in the tip pool. In plaintiff's view, then, an employee can qualify as a manager or supervisor even if the employee does not meet the specific regulatory requirements of having the "primary duty" of managing the enterprise; "customarily and regularly" directing the work of two or more employees; and having particular weight in the hiring and firing of other employees. *See* 29 C.F.R. § 541.100(a)(2)-(4). Instead, plaintiff argues, the terms "manager" and "supervisor" should be afforded their ordinary meaning as evidenced by dictionaries. Specifically, plaintiff argues that the term manager should be understood as someone "who administers or supervises the affairs of a business, office, or other organization," *Manager*, Black's Law Dictionary (11th ed. 2019), and that supervisor should be understood as "one having authority over others." *Supervisor*, Black's Law Dictionary (11th ed. 2019). To be sure, plaintiff acknowledges that the doctrine of *Chevron* deference requires that courts defer to an agency's reasonable interpretation of an ambiguous provision of a statute that the agency administers. *See Chevron*, 467 U.S. 837 (1984). But plaintiff argues (i) that "manager" and "supervisor" are both unambiguous terms when afforded their ordinary meaning evidenced by dictionaries; and (ii) that even if those terms are ambiguous, the DOL's interpretation of that term is unreasonable.

It is appropriate to consider first plaintiff's argument that "manager" and "supervisor" are both unambiguous. Plaintiff is correct that such an inquiry is appropriate; indeed, the first step of the *Chevron* analysis requires a determination of whether "Congress has directly spoken to the precise question at issue." *Schafer v. Astrue*, 641 F.3d 49, 54 (4th Cir. 2011) (quoting *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). Simply put, the first issue is whether the statutory phrase "managers or supervisors" is ambiguous, for if not, then the "agency is not free to counter Congress's commands." *Id.* In this regard, the Fourth Circuit has made clear

6

that statutory text "is ambiguous if it lends itself to more than one reasonable interpretation." *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 631 (4th Cir. 2015). Thus, the primary question here is whether the terms "manager" and "supervisor" can be understood in more than one reasonable way.

Here, the terms "manager" and "supervisor" are ambiguous because each is susceptible to more than one reasonable meaning. To begin with, although manager is ordinarily understood as someone "who administers or supervises the affairs of a business, office, or other organization," *Manager*, Black's Law Dictionary (11th ed. 2019), that definition fails to make clear whether an employee who administers or supervises the affairs of a business as part of the employee's *ancillary* duties, rather than primary duties, qualifies as a manager. The definition of manager also fails to make clear precisely what the "affairs of a business" include. *See id.* For example, it is unclear from the statutory text whether an employee supervises the affairs of a business when the employee has no involvement in the hiring or firing of other employees; or even when the employee has some involvement in the hiring and firing of other employees, but not the final say. On these central questions, the ordinary meaning of "manager" is silent. Moreover, the term "supervisor," ordinarily understood as "one having authority over others," is ambiguous. *Supervisor*, Black's Law Dictionary (11th ed. 2019). From that definition, it is likewise unclear if an employee has "authority over others," *id.*, if the employee has no involvement in the hiring or firing of other employees; or even when the employee has some involvement in the hiring and firing of other employees, but not the final say. And it is also unclear from the definition of "supervisor" how many people an employee must have authority over to qualify as a supervisor. On these issues, the statute is silent. As both "manager" and "supervisor" are capable of more than one reasonable meaning, the terms are sufficiently ambiguous for purposes of *Chevron* deference.

The conclusion that "managers or supervisors" is ambiguous does not end the inquiry, for

the DOL's regulation defining those terms is entitled to deference only if it is reasonable. *See Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). In this regard, plaintiff argues that DOL's regulation defining "manager" and "supervisor" does not meet *Chevron*'s reasonableness requirement. First, plaintiff argues that it is unreasonable for the DOL to read "managers" and "supervisors" conjunctively rather than disjunctively. Second, plaintiff argues that the DOL unreasonably defines "managers or supervisors" in the same way that the DOL regulations define "executive." Third, plaintiff argues that a letter signed by two members of Congress stating that they disagree with the DOL's definition of "managers or supervisors" demonstrates that the agency's regulation is unreasonable. And fourth, plaintiff argues that the Fourth Circuit's decisions in *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334 (4th Cir. 2008) and *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446 (4th Cir. 2004) compel the conclusion that the DOL's definition of "managers or supervisors" here is unreasonable. None of these four arguments is persuasive.

Plaintiff's first argument is that the DOL unreasonably interpreted "managers or supervisors" conjunctively rather than disjunctively. But this is not true; nowhere does the DOL attempt to interpret "managers or supervisors" disjunctively. Rather, the DOL interpreted the phrase "managers or supervisors" rather than the individual words "manager" and "supervisor." *See* 29 C.F.R. § 541.100(a)(2)-(4). Because the statute here is ambiguous, it is reasonable for the DOL to supply one set criteria for "managers or supervisors," rather than defining those terms separately. Indeed, *Chevron* allows agencies to express reasonable interpretations of complete phrases, not just individual words. *See, e.g.*, *Pugin v. Garland*, 19 F.4th 437, 445 (4th Cir. 2021) (noting that the inquiry there was whether "[t]he phrase" at issue there was unambiguous). It is thus within the DOL's authority under *Chevron* to supply a definition for the phrase "managers or

supervisors" rather than individually defining each term. Plaintiff's first argument is thus unavailing.

Plaintiff next argues that the DOL unreasonably defines "managers or supervisors" in the same way that the DOL regulations define "executive." This is unreasonable, plaintiff argues, because Congress's choice to use different words—"managers or supervisors" on the one hand, and "executive" on the other hand—should reflect that the words have different meanings. To be sure, the DOL's definition of "managers or supervisors" references the DOL's definition of "executive" by stating that "the term 'manager' or 'supervisor' shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4)" of the chapter. 29 C.F.R. § 531.52(b)(2). But to begin with, the Supreme Court has recently made clear that "there is no canon of interpretation that forbids interpreting different words used in different parts of the same statute to mean roughly the same thing." *Jennings v. Rodriguez*, 138 S. Ct. 830, 845 (2018) (internal quotation marks and citation omitted). Thus, it is not unreasonable for the DOL to interpret "managers or supervisors" similarly to how it interprets "executive." And, in any event, the regulations actually define "executive" more narrowly than "managers or supervisors," because not only must executives have the duties described in 29 C.F.R. § 541.100(a)(2) through (4), they must *also* meet the requirement of 29 C.F.R. § 541.100(a)(1). In this regard, then, the DOL defines "executive" as a subset of "managers or supervisors"; an executive is someone who (i) performs all of the duties of a manager or supervisor and (ii) meets the requirement of § 541.100(a)(1). Plaintiff's second argument—that the DOL unreasonably defines "managers or supervisors" in the same way that the DOL regulations define "executive"— is thus simply untrue; the DOL regulations *do not* define those terms in precisely the same way.

Plaintiff's third argument against deference to the DOL's interpretation of "managers or

9

supervisors" is that two members of Congress penned a letter disagreeing with the DOL's interpretation. *See* Patty Murray & Rosa L. Delauro, Comments on the Notice of Proposed Rulemaking, RIN 1235-AA21, Tip Regulations Under the Fair Labor Standards Act (FLSA) (Dec. 11, 2019) (Dkt. 28-14). Plaintiff argues that this letter demonstrates that the DOL's interpretation is contrary to Congress' intent. But, to begin with, such statements are not the law, for once Congress enacts a statute, courts "do not inquire what the legislature meant" by looking to ad-hoc statements by members of Congress. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1631 (2018). And even if it were appropriate to look to legislative history, statements of members of Congress made *after* a statute is enacted are among the least probative of a statute's meaning. Indeed, the Supreme Court has noted that courts ought not give weight to statements of "individual legislators, made *after* the bill in question has become law." *Barber v. Thomas*, 560 U.S. 474, 486 (2010) (emphasis in original). Plaintiff's argument is thus unavailing because the statements to which plaintiff points are not probative of the statute's meaning and do not demonstrate that the DOL's interpretation is unreasonable.

Finally, plaintiff argues that the Fourth Circuit's decisions in *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334 (4th Cir. 2008) and *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446 (4th Cir. 2004) compel a conclusion that the DOL's definition of "managers or supervisors" here is unreasonable. This argument fails because plaintiff's reliance on those cases is misplaced; those cases dealt with statutory and regulatory language materially different from the language here. Specifically, in *Worden*, the Fourth Circuit concluded that the DOL erred in interpreting the statutory language "accept" to include merely "receipt." *Worden*, 549 F.3d at 346. But there, it was clear that accept meant "something other than mere unsolicited receipt," and thus the DOL's regulation ran directly counter to the relevant statutory language, unlike here. *See id.* The same

is true of *Walton*. There, the statutory language exempted salesman "primarily engaged in selling *or servicing* automobiles" from overtime requirements. *Walton*, 370 F.3d at 452 (emphasis in original). But the DOL interpreted salesman to exclude those involved in "servicing automobiles," in direct contravention of the statutory text. *Id.* In *Worden* and *Walton*, then, the DOL impermissibly promulgated a definition directly at odds with the statute's text. That is not the case here, where the DOL regulation simply defines an ambiguous term without contravening statutory mandates. Plaintiff's final argument that the DOL's regulation is unreasonable is thus unavailing.

In sum, plaintiff's argument that it is inappropriate to defer to the DOL's interpretation of "managers or supervisors" is unpersuasive. The DOL regulation satisfies *Chevron* because the statutory language is ambiguous and the DOL's interpretation is reasonable. Accordingly, plaintiff's objection is overruled.[3]

**B.**

It is next appropriate to turn to defendant's objections to the Report. Defendant's objections all raise the same fundamental argument, namely, that the Report incorrectly concluded that genuine issues of material fact exist as to whether "managers or supervisors" were included in the tip pool. Defendant acknowledges that its bar managers were included in the tip pool. But defendant argues that its bar managers did not qualify as "managers or supervisors" under the DOL regulations. If defendant is correct, then defendant would be entitled to summary judgment on the second count of the complaint, which alleged that defendant unlawfully included managers and supervisors in tip pools.

Defendant first argues that, notwithstanding the Report's conclusion to the contrary, the

---

[3] It is worth noting that, despite the reliance on *Chevron*, it is likely that *Chevron* plays essentially no role in this case because in the absence of *Chevron*, "managers or supervisors" would likely have been construed by the Court in a way not markedly different from how the terms were construed by the DOL.

undisputed factual record makes clear that none of the bar managers had significant input in hiring and firing employees, a necessary condition for qualifying as a manager or a supervisor under the DOL regulations. Specifically, the DOL regulations provide that an employee is not a manager or supervisor unless the employee is someone "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(4). Notably, a manager or supervisor need not have the actual authority to hire or fire other employees; rather, a person qualifies as a manger or supervisor even if the person's recommendations about hiring, firing, advancement, promotion, or other change of status is given particular weight. In this regard, defendant argues that (i) deposition testimony of defendant's employees confirms that no bar manager in the tip pool's recommendations on change in status are given particular weight, even though such recommendations are sought and given; and (ii) although plaintiff testified that he saw some of the bar managers in the tip pool review resumes, participate in interviews, recommend a friend for a position, and voice opinions as to potential applicants, none of that testimony demonstrates that those employees' opinions were given particular weight. But, at this stage, the Report was correct in concluding that a jury could determine from the record that particular weight was given to the recommendations of at least some of the bar managers in the tip pool. Thus, defendant's objection in this regard is unavailing.

Defendant next argues that the record demonstrates that no bar manager in the tip pool qualified as a manager or supervisor because none of them had the primary duty of management. In this regard, defendant is correct that, to qualify as a manager or supervisor and be barred from participating in a tip pool, one must have the "primary duty" of managing the enterprise. 29 C.F.R. § 541.100(a)(2). Defendant acknowledges that the record contains deposition testimony that some

bar managers in the tip pool managed business operations, supervised staff and primarily directed people. Defendant contends, however, that the record also demonstrates that all employees in the tip pool, including bar managers, took orders and poured beers when the establishment was busy. But the fact that a bar manager may take orders and pour beers when the establishment is busy does not demonstrate that bar managers do not have the *primary duty* of management; rather, it demonstrates only that bar managers pitched in to help day-to-day operations of the establishment *when it was busy*. Thus, a jury could reasonably conclude that the tip pool included people whose primary duty was the management of the enterprise, and defendant's argument to the contrary is unavailing.

In summary, defendant's arguments that no juror could reasonably conclude that the tip pool contained "managers or supervisors" are incorrect. Rather, the record reflects that there is a material dispute of fact over whether bar managers or others are "managers or supervisors" who should not be in the tip pool. This dispute of fact requires resolution by a properly instructed jury.[4]

### III.

Both plaintiff's and defendant's objections are without merit. Plaintiff is incorrect that the DOL's interpretation of "managers or supervisors" should not be afforded deference. And defendant is incorrect that summary judgment should enter on count two because the record is devoid of a factual dispute. Thus, both plaintiff's and defendant's objections are denied.

An appropriate Order will issue.

Alexandria, Virginia
March 2, 2023

/s/
T. S. Ellis, III
United States District Judge

---

[4] At trial, of course, plaintiff will need to supply evidence to demonstrate that *specific employees* were "managers or supervisors," rather than simply arguing *generally* that some members of the tip pool were "managers or supervisors."